Olimbi BABA, Piro Ndreka, Klarida
Ndreka, Petitioners,

v.

Eric H. HOLDER Jr.[1], United States
Attorney General, Respondent.

Nos. 08–3107–ag (L), 08–3109–ag (Con).

United States Court of Appeals,
Second Circuit.

April 8, 2009.

Charles Christophe, Christophe & Associates, P.C., New York, N.Y., for Petitioners.

Gregory G. Katsas, Assistant Attorney General, Barry J. Pettinato, Assistant Director, Dalin R. Holyoak, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Olimbi Baba, Piro Ndreka, and Klarida Ndreka, all natives and citizens of Albania, seek review of two May 27, 2008 orders of the BIA affirming the June 7, 2006 decision of Immigration Judge ("IJ") Sandy K. Hom, which denied their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Baba*, No. A 95 383 957 (B.I.A. May 27, 2008) and *In re Ndreca*, Nos. A 78 203 164/165 (B.I.A. May 27, 2008), *aff'g* Nos. A 95 383 957 and A 78 203 164/165 (Immig. Ct. N.Y. City June 7, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen*

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

*v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. *See Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Substantial evidence supports the agency's conclusion that, even assuming petitioners' credibility and that they endured past persecution, conditions in Albania have fundamentally changed such that petitioners do not have a well-founded fear of persecution. *See* 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1). We have held that when making a changed country conditions finding with respect to a country "that is the subject of an appreciable proportion of asylum claims," the agency "need not enter specific findings premised on record evidence." *Hoxhallari v. Gonzales,* 468 F.3d 179, 187 (2d Cir.2006) (affirming the agency's finding that an applicant was ineligible for asylum or withholding of removal based on material political changes in Albania). Indeed, the agency is well aware of the "salient historical events" occurring in such countries. *See id.* at 186.

Here, the IJ reasonably relied on background evidence in the record to find that on account of the Democratic Party's electoral victory in 2005, conditions in Albania had fundamentally changed such that petitioners do not have a well-founded fear of future persecution. *See id.* at 187. While petitioners assert that the IJ relied exclusively on country condition reports to find

that petitioners failed to meet their burden, on the contrary, the record indicates that the IJ assessed petitioners' testimony, the country reports, and additional evidence submitted by the petitioners before he reached his decision.

Because we find no error in the agency's changed country conditions finding, we will not disturb its denial of petitioners' applications for asylum, withholding of removal, and CAT relief, where all three claims were based on the same factual predicate.[2] *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the consolidated petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

---

2. In their brief, petitioners fail to challenge the BIA's denial of their motion to remand. Likewise, petitioners fail to raise a claim for humanitarian asylum in their brief. Therefore, they have waived any such arguments.

*See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

